IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MAURICE PARKER and<br>MICAH PARKER<br><br>   Plaintiffs,<br><br>   v.<br><br>MARK FARLEY and AMIR<br>MOHAMMADI,<br><br>   Defendants. | C.A. No. 10-1004-GMS-SRF<br>(consolidated with 09-749) |
| MAURICE PARKER<br><br>   Plaintiff,<br><br>   v.<br><br>DELAWARE STATE UNIVERISTY,<br><br>   Defendants. | |

**MEMORANDUM**

**I. INTRODUCTION**

Pending before the court is Magistrate Judge Fallon's Report and Recommendation ("the R&R"), dated September 29, 2014 (D.I. 80), the Objections filed by plaintiffs Maurice Parker ("Maurice") and Micah Parker ("Micah") (collectively, "the Plaintiffs") on October 15, 2014 (D.I. 82, 83), and the Objections filed by defendants Mark Farley ("Farley"), Amir Mohammadi ("Mohammadi"), and Delaware State University ("DSU") on October 17, 2014 (collectively, "the Defendants"). (D.I. 84.) For the reasons below, the court will sustain the Defendants' objections and overrule the Plaintiffs' objections. Thus, the court will grant the Defendants' motion for summary judgment in full. (D.I. 68.)

## II. OBJECTIONS

In the R&R, Magistrate Judge Fallon recommended that the court grant the Defendants' motion for summary judgment as to the Plaintiffs' § 1983 claims against Mohammadi and Farley, (D.I. 80 at 8–13), and Maurice's Title VII retaliation claim against DSU.[1] (*Id.* at 17.) Magistrate Judge Fallon denied the Defendants' request for summary judgment concerning Maurice's Title VII discrimination and malicious interference with business relationships claims. (*Id.* at 13–19.)

### A. The Plaintiffs' Objections[2]

The Plaintiffs both contend that Magistrate Judge Fallon incorrectly recommended granting summary judgment for their § 1983 violation of procedural due process claims against Mohammadi and Farley. In particular, the Plaintiffs challenge Magistrate Judge Fallon's determination that they had notice and an opportunity to respond to the charges against them, prior to their termination. (D.I. 82 at 4; D.I. 83 at 5–7.) The Plaintiffs also contend that they were entitled to confront witnesses at their pre-termination hearings—a right they did not receive. (D.I. 82 at 4; D.I. 83 at 4.) Finally, the Plaintiffs contend that Magistrate Judge Fallon erred in ruling that Mohammadi and Farley were entitled to qualified immunity. (D.I. 82 at 4–5; D.I. 83 at 7–8.)

### B. The Defendants' Objections

The Defendants' submitted a joint set of objections to the R&R, arguing that Magistrate Judge Fallon erroneously recommended that summary judgment be denied as to two of Maurice's claims against DSU: Title VII discrimination and malicious interference with business relationships.

---

[1] Maurice conceded that his Title VII retaliation claim failed as a matter of law. (D.I. 77 at 14.) As Magistrate Judge Fallon agreed, the court accepts Maurice's concession without further discussion.

[2] Maurice and Micah ostensibly submitted their objections to the R&R separately, although arguments pertaining to Maurice in particular appear in both sets of objections. The substantive positions and much of the prose are largely identical, so the court will consider the objections together in its discussion.

2

First, the Defendants contend that Magistrate Judge Fallon wrongfully decided that a factual dispute remained concerning whether similarly situated employees were treated more favorably than Maurice. (D.I. 84 at 6–9.) The Defendants assert that the record evidence fails to demonstrate that the other "comparator" employees engaged in the same conduct, or that disciplinary action was taken by the same DSU personnel. (*Id.*); *see Taylor v. Procter & Gamble Dover Wipes*, 184 F. Supp. 2d 402, 410–11 (D. Del. 2002), *aff'd*, 53 F. App'x 649 (3d Cir. 2002). According to the Defendants, without adequate evidence to support a comparator theory of Title VII discrimination, Maurice's claim fails as a matter of law.

Second, the Defendants argue that Magistrate Judge Fallon applied the wrong burden of proof in evaluating Maurice's malicious interference with business relationships claim. (D.I. 84 at 9–10.) The Defendants assert that Maurice failed to develop a sufficient record such that he could prevail on this claim at trial. Specifically, the Defendants argue that Magistrate Judge Fallon's statement that "[t]he record in this case not well developed" plainly supports granting, rather than denying, summary judgment. (D.I. 80 at 19; D.I. 84 at 10.)

### III. STANDARD OF REVIEW

The magistrate judge filed her R&R pursuant to Rule 72(b)(1) of the Federal Rules of Civil Procedure; the pending objections, therefore, are dispositive and the court's review is *de novo*. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). The court may accept, reject, or modify the recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The court also may receive further evidence or return the matter to the magistrate judge with instructions for further proceedings. *Id.*

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

3

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Boyle v. Cnty. of Allegheny Pa.*, 139 F.3d 386, 393 (3d Cir. 1998). Thus, summary judgment is appropriate only if the moving party shows there are no genuine issues of material fact that would permit a reasonable jury to find for the non-moving party. *Boyle*, 139 F.3d at 393. A fact is material only if it might affect the outcome of the suit. *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). An issue is genuine if a reasonable jury could possibly find in favor of the non-moving party with regard to that issue. *Id.*

In deciding the motion, the court must construe all facts and inferences in the light most favorable to the non-moving party. *Id.* In determining the appropriateness of summary judgment, a court must review the record as a whole and "draw all reasonable inferences in favor of the nonmoving party, [but] may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The moving party is also entitled to judgment as a matter of law if the nonmoving party fails to make a sufficient showing or adduce evidence on an essential element of its case for which it has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

After having reviewed the record in this case, the R&R, the parties' submissions, and the applicable law, the court finds that the magistrate judge committed legal error in denying summary judgment as to Maurice's Title VII discrimination and malicious interference with business relationships claims. The court agrees with and affirms the remainder of Magistrate Judge Fallon's recommendations. Thus, the court grants summary judgment for the Defendants on all outstanding claims.

### A. <u>Procedural Due Process Claims</u>

In the R&R, Magistrate Judge Fallon found that the record did not support the Plaintiffs' § 1983 claims for violations of their procedural due process rights. (D.I. 80 at 10–12.) Following the U.S. Supreme Court's guidance in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), Magistrate Judge Fallon examined whether the Plaintiffs received adequate notice of the charges against them and an opportunity to respond prior to their termination. (*Id.*) For both Maurice and Micah, Magistrate Judge Fallon determined that notice was adequate and an opportunity to respond via pre-termination hearing was available.

Maurice admitted that he was aware of the allegations against him (D.I. 70, Ex. I at 47–51); he had received two notices that he was facing termination because of his "involvement in the theft of [DSU] property." (*Id.* Exs. J, K.) Maurice also attended a pre-termination hearing on October 24, 2007, accompanied by union representative Karen Valentine. (*Id.* Ex. I at 88.) Magistrate Judge Fallon determined that no additional procedures at the pre-termination stage were necessary and that no due process violation had occurred. As for Micah, Magistrate Judge Fallon found that he had also received several notices—both written and oral—that he was being investigated and terminated for theft of DSU property. (*Id.* Exs. Q at 19–20, R, S). Micah failed to attend his pre-termination hearing, scheduled for November 13, 2007. (*Id.* Ex. Q at 35.) Again, the magistrate judge found no due process violation. Finally, Magistrate Judge Fallon determined that Mohammadi and Farley were entitled to qualified immunity because there was no evidence of a constitutional violation. (D.I. 80 at 12–13.)

The Plaintiffs' objections are unpersuasive. First, only Maurice specifically objects to Magistrate Judge Fallon's findings concerning notice and opportunity to respond. (D.I. 83 at 6–9). Micah merely includes general statements of law, without attacking the magistrate judge's findings. (D.I. 82 at 3–4.) Yet, Magistrate Judge Fallon's recommendation is well supported by

5

the record evidence. The Plaintiffs cannot deny that they knew of the charges: they were actively being investigated for their role in the theft of DSU property, and they were both placed on paid administrative leave while the investigation was ongoing—prior to their termination. Maurice participated in the pre-termination hearing and therefore had an opportunity to respond. Micah also had this opportunity, although he did not attend his hearing. There was no deficiency in the notice and opportunity-to-respond procedures taken by Mohammadi and Farley. Moreover, Third Circuit precedent does not support the Plaintiffs' assertion that the Constitution required the Plaintiffs to have an opportunity to confront witnesses at their pre-termination hearing. *See Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ.*, 574 F.3d 214, 224 (3d Cir. 2009).

The Plaintiffs had notice of the charges against them and an opportunity to respond to these charges; they received all the process that was due them. *See id.* at 223–24. The Plaintiffs' belief that their termination was nonetheless wrongful does not give rise to a constitutional due process claim. The court affirms Magistrate Judge Fallon's recommendation that the Plaintiffs' § 1983 claims fail as a matter of law. Moreover, having found no constitutional violation, the court affirms Magistrate Judge Fallon's alternative recommendation that Mohammadi and Farley are entitled to qualified immunity. Under either theory, the grant of summary judgment is appropriate.

### B. Title VII Discrimination Claim

Magistrate Judge Fallon recommended that the court deny summary judgment as to Maurice's Title VII discrimination claim against DSU. (D.I. 80 at 13–17.) Applying the *McDonnel Douglas* framework, the magistrate judge concluded that the record supported an inference of unlawful discrimination, such that summary judgment was inappropriate. (*Id.*); *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In particular, Magistrate Judge Fallon determined that a reasonable jury could find that two similarly situated non-African-American employees were

treated more favorably than Maurice, who is African American, thus giving rise to an inference of discrimination. The Defendants argue that the record failed to support a legal determination that the other employees were truly "similarly situated." (D.I. 84 at 6–9.)

The court agrees with the Defendants' objection. Despite correctly stating the legal standard, the magistrate judge incorrectly applied the law to the facts before her. To successfully prove a Title VII discrimination claim on a comparator theory:

> [T]he acts of non-minority employees must be of "comparable seriousness" if the failure to discharge those employees is being proffered as proof of discriminatory intent. Additionally, . . . when employment decisions concerning different employees are made by different supervisors, such decisions are seldom sufficiently comparable to raise an inference of discrimination because different supervisors may exercise their discretion differently.

*Taylor*, 184 F. Supp. 2d at 410. In other words, to prove that the comparators are "similarly situated," the plaintiff must show that they engaged in the "same conduct," and that the adverse employment decision was made by the same personnel. *See Davis v. City of Phila. Water Dep't*, 57 F. App'x 90, 92 (3d Cir. 2003); *see also Robinson v. City of Phila.*, 491 F. App'x 295, 299 (3d Cir. 2012) (finding that comparators must be "similarly situated in all relevant respects" (citing *Monaco v. Am. Gen. Assurance Co.*, 359 F.3d 296, 305 (3d Cir. 2004))).

The two putative comparator employees at issue are Art Hewitt ("Hewitt") and Charles Dougherty ("Dougherty"). The record shows that Hewitt was disciplined for insubordination when he cut Plexiglas at home rather than on DSU facilities, as he was instructed. (D.I. 70, Ex. X.) He was suspended for one day without pay, but DSU specifically found that "[t]here is no evidence that Mr. Hewitt stole any University property or sold University property for personal gain." (*Id.*) Hewitt's disciplinary letter was sent by Randy Jones. (*Id.*) Dougherty was also suspended for one day without pay when he used a DSU dump truck and backhoe to perform a side job, unrelated to

7

his work duties. (*Id.* Exs. Z, AA.) Dougherty's disciplinary letter was sent by Richard Cathcart. (*Id.* Ex. AA.)

The court finds that there is no evidence on record supporting Maurice's claim that Hewitt and Dougherty were similarly situated to Maurice. Thus, there can be no reasonable inference of discrimination. Hewitt and Dougherty did not engage in the same conduct as Maurice, nor were common decision makers involved. Magistrate Judge Fallon committed error in giving weight to the unfounded statements made in Maurice's briefing that Hewitt and Dougherty also committed theft. (D.I. 80 at 15–17.) "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Magistrate Judge Fallon correctly stated that "[w]hether a comparator is truly similarly-situated to the plaintiff is an issue of law." (D.I. 80 at 15); *see Moore v. Shinseki*, 487 F. App'x 697, 698 (3d Cir. 2012) (citing *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 645–46 (3d Cir. 1998)). She failed, however, to follow this legal precept. It was error for her to subsequently deny summary judgment on the grounds that there were "disputed issues of material fact" on this very question.[3] (D.I. 80 at 17.) Because it is a matter of law, the court can properly decide whether Hewitt and Dougherty were comparators for Maurice's Title VII discrimination claim. For the reasons outlined above, the court finds that they were not similarly situated, and Maurice's Title VII discrimination claim must fail. The court thus sustains the Defendants' objection and grants summary judgment.

### C. Malicious Interference with Business Relationships Claim

---

[3] As explained above, although there may be disputed issues, the court also does not consider them to *genuine* disputes because of Maurice's failure to substantiate his allegations with evidence. *Boyle*, 139 F.3d at 393.

Finally, Magistrate Judge Fallon recommended that the court deny summary judgment as to Maurice's state law malicious interference with business relationships claim against DSU. (D.I. 80 at 17–19.) After he was terminated by DSU, Maurice took a job with Absolute HVAC ("Absolute"). (*Id.* at 6.) Absolute contracted with DSU to perform maintenance work on campus. Maurice's interference claim alleges that DSU made malicious statements concerning Maurice, which resulted in Absolute terminating his employment as well. (*Id.* at 7.) After outlining the elements of the claim and the parties' respective positions, Magistrate Judge Fallon stated:

> The record in this case is not well developed in connection with Maurice's claim for malicious interference with business relationships. There is a factual dispute concerning the extent of the Defendants' role, if any, in Absolute's decision to terminate Maurice. Viewing the facts in the light most favorable to Maurice, as the court is required to do at this stage, a jury question exists with regard to whether DSU interfered with Maurice's business relationship with Absolute. Thus, summary judgment should be denied.

(*Id.* at 19.) In this statement, Magistrate Judge Fallon improperly shifts the burden of production to the Defendants. The failure to develop an evidentiary record is not grounds for denying summary judgment but, rather, just the opposite.

As stated by the U.S. Supreme Court in *Celotex*, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and . . . demonstrat[ing] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 322 (1986). The moving party, however, need not put forth evidence "negating the opponent's claim." *Id.* at 323. Here, the Defendants satisfied their initial burden, arguing that there was no evidence of communications between the Defendants and Absolute concerning Maurice. In response, Maurice was obligated "to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing

9

that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). Maurice failed to do so, relying solely on inadmissible hearsay statements. (D.I. 77, Ex. V at 12); *see* Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). In stating that "[t]he record in this case is not well developed," Magistrate Judge Fallon recognized that Maurice had failed to carry his burden. Nonetheless, she concluded that factual disputes precluded summary judgment. This was improper. The record again does not illustrate a *genuine* dispute of material fact, such that a reasonable jury could find for Maurice on his malicious interference with business relationships claim. The court will therefore sustain the Defendants' objection and grant summary judgment.

## V. CONCLUSION

For the foregoing reasons, the court adopts the magistrate judge's R&R in part and rejects it in part. The court grants the Defendants' motion for summary judgment. (D.I. 68.)

Dated: February 4, 2015

UNITED STATES DISTRICT JUDGE